# CONWAY
# DEL GENIO
## GRIES & CO., LLC

Olympic Tower
645 Fifth Avenue
New York, NY 10022
Tel: 212 813 1300
Fax 212 813 0580

February 10, 1999

County Seat Stores, Inc.
469 Seventh Avenue -11th Floor
New York, NY 10018

Attention:   Sam Forman
             Brett Forman

Gentlemen:

This letter confirms (subject to the approval of the Bankruptcy Court) the engagement of Conway, Del Genio, Gries & Co., LLC ("CDG") as the investment banker to County Seat Stores, Inc. ("County Seat" or the "Company") in connection with the development and implementation of a plan of reorganization and the exit from chapter 11 bankruptcy. This letter supercedes and replaces the letter agreement dated November 4, 1998, between County Seat and CDG regarding the development and implementation of a restructuring/recapitalization transaction.

CDG's objective will be to perform such investment banking services as may be requested by the Company, its management or its counsel. As investment banker, CDG's services will include the following:

   (a) to advise the Company with respect to other strategic alternatives, including, but not limited to, potential mergers, the sale of certain assets or the sale of the entire company;

   (b) to assist with the determination of the enterprise value of the Company and its optimal capital structure;

   (c) to identify and contact potential exit financing sources;

   (d) to assist the Company with obtaining exit financing;

   (e) to attend meetings and lead negotiations with potential investors, banks and other secured lenders, the creditor's committee appointed in the Chapter 11 case, the US Trustee, other parties in interest and professionals hired by the same, as requested;

   (f) to provide expert testimony as required;

   (g) to work with accountants and other financial advisors of the Company and any creditors committees, as requested by the Company; and

(h) to assist with other business matters as management or counsel may request from time to time that are not duplicative of services provided by other professionals in this proceeding.

## Staffing

Our services will be coordinated by Michael Gries. He will be assisted by Kenneth Harrell, a Vice President of the firm and such other firm professionals with the requisite skills and experience, as necessary.

## Fees

In consideration of the services described above, CDG will be paid by the Company, and its successors, if any, $100,000 per month payable in advance ("Monthly Fee"). In addition, the Company shall reimburse CDG, upon invoice, for all of its reasonable out-of-pocket expenses (including travel, telephone and facsimile, courier and copy expenses and legal expenses) incurred in connection with CDG's engagement hereunder.

## Other Matters

We understand that the Company has retained the services of an accounting firm and a financial advisory firm to assist it in certain areas related to the restructuring. The Company understands that the services to be performed by CDG and the other firms are not duplicative. The Company further understands that it is critical to CDG's role as investment banker to be the primary liaison with third parties, both as to raising new financing as well as the restructuring of the Company's existing obligations.

If any portion of this agreement is held to be void, invalid, or otherwise unenforceable, in whole or part, the remaining portions of this agreement shall remain in effect.

This agreement shall be governed by the internal substantive laws and not the choice of law rules of the State of New York.

Any advice (written or oral) rendered by Conway, Del Genio, Gries & Co. LLC pursuant to this engagement may not be disclosed publicly without prior consent.

\* \* \* \*

County Seat Stores, Inc.  February 10, 1999
Page 3

This agreement may be terminated by the Company or CDG at any time. In the event the Company terminates this agreement, fees owed to us shall be limited to the monthly fee for the month in which the termination is effected, and any outstanding unpaid monthly fees. Expenses owed will include our reasonable out-of-pocket expenses incurred, but not paid, prior to termination.

This engagement is important to us and we appreciate the opportunity to serve you. If you are in agreement with the terms set forth herein, please indicate by signing and returning this letter.

Very truly yours,

By _____
Michael F. Gries

Consented and Agreed to

By _____
County Seat Stores, Inc.